IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-859-KFP |
| | ) | |
| OFFICER GRESHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Pro se Plaintiff Anthony Dewayne Miles filed this 42 U.S.C. § 1983 action on October 3, 2018. On October 18, 2018, the Court entered an Order of Procedure. Doc. 6. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 6 at 3, ¶ 8. The Order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.

The Court recently ascertained that Plaintiff is no longer at the last service address he provided.[1] Accordingly, on December 23, 2021, the Court entered an order requiring that, by January 3, 2022, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 32. That Order specifically advised Plaintiff this case could not proceed if his whereabouts

---

[1] *See* http://www.rcso.org/rcmugs. The last service address on record for Plaintiff is the Russell County Jail in Phenix City, Alabama.

remain unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. To date, Plaintiff has not responded to or otherwise complied with the Court's December 23 Order.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, this case is DISMISSED without prejudice.

A Final Judgment will be entered separately.

DONE this 3rd day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE